IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 17-00004-REL-01 |
| ) | |
| JASON D. GERICKE, ) | |
| ) | |
| Defendant. ) | |

## DETENTION ORDER

On January 12, 2017, I held a detention hearing. I find by a preponderance of the evidence that Defendant poses a risk of flight and that no single condition of release or combination of conditions of release can reasonably assure the appearance of Defendant as required. In addition, I find by clear and convincing evidence that Defendant poses a danger to the community and that no single condition of release or combination of conditions of release will reasonably assure the safety of the community.

### I. BACKGROUND

On January 10, 2017, a criminal complaint was filed charging Defendant with one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Defendant appeared before me for a first appearance that same date. Counsel for the government filed a motion for a detention hearing and a motion to continue the hearing. Those motions were granted, and Defendant was remanded to the custody of the United States Marshal pending the hearing.

A detention hearing was held on January 12, 2017. Defendant appeared in

person, represented by appointed counsel Carie Allen. The government was represented by Assistant United States Attorney Courtney Pratten. The parties stipulated that the court consider the information in the Pretrial Services Report of Probation Officer Tara Westerhof as the testimony she would give, under oath, if called as a witness. I took judicial notice of the record created during the preliminary examination. No additional evidence was presented.

## II. FINDINGS OF FACT

On the basis of the information contained in the Pretrial Services Report and testimony adduced from Special Agent Harold Lett, I find that:

1. Defendant, 45, has resided in the Kansas City area since 2008. He reported living with his mother an step-father for approximately one year; Defendant's mother, however, stated Defendant has not stayed there since summer. Defendant's mother further stated he often stays with his girlfriend and her parents.

2. Defendant has been married and divorced once. He is currently in a significant relationship with his girlfriend and is raising her child as his own.

3. Defendant advised he is currently between jobs, but is employed through the union as a heavy equipment operator. He reported last working on December 31, 2016 and was to start his next job on January 14, 2017. Defendant has been with the union since 2008.

4. Defendant reported a history of epilepsy. He indicated he was diagnosed with ADHD and depression in 2012, but is no longer taking prescription medication. He

advised he had previous thoughts of suicide (five years ago), but noted nothing recently.

5. Defendant reported using marijuana weekly, and last did so one day ago. He uses methamphetamine daily and last did so one day ago. Defendant also indicated a history of sporadic cocaine usage, and last used the drug one year ago.

6. Defendant's criminal history is comprised primarily of drug-related offenses, including four felony convictions. He incurred a variety of violations while on supervised release. Defendant has an active warrant.

7. The instant alleged offense involves Defendant driving a stolen vehicle, inside which a firearm was laying on the driver's seat in plain view. The firearm was loaded with six rounds of ammunition. In addition to the firearm, law enforcement found a set of digital scales, two baggies containing methamphetamine and a small bag a marijuana. Defendant admitted to law enforcement that the firearm and narcotics were his and stated he sold narcotics within the past week. He further admitted he knew he was prohibited from possessing a firearm.

### III. CONCLUSIONS

I find by a preponderance of the evidence that no single condition of release or combination of conditions of release will reasonably assure the appearance of Defendant as required. Defendant is charged with being a felon in possession of a firearm and faces significant penalties if convicted. He has a history of substance abuse and has not had a stable residence. Defendant also has a history of failing to appear and an active warrant.

In addition, I find by clear and convincing evidence that no single condition of release or combination of conditions of release will reasonably assure the safety of the community. As stated above, Defendant is charged with being a felon in possession of a firearm. The instant alleged offense involves Defendant driving a stolen vehicle, inside which a firearm was laying on the driver's seat in plain view. The firearm was loaded with six rounds of ammunition. In addition to the firearm, law enforcement found a set of digital scales, two baggies containing methamphetamine and a small bag a marijuana. Defendant admitted to law enforcement that the firearm and narcotics were his and stated he sold narcotics within the past week. Defendant's criminal history is comprised of drug-related offenses, including four felony convictions, and he has not performed well on supervision. Defendant has a history of substance abuse. It is, therefore

ORDERED that Defendant be committed to the custody of the Attorney General or his authorized representative for detention pending grand jury action and, if an indictment is returned, pending trial. It is further

ORDERED that Defendant be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further

ORDERED that the Attorney General or his authorized representative ensure that Defendant is afforded reasonable opportunity for private consultation with his counsel. It is further

ORDERED that, on order of a court in the Western District of Missouri, the

person in charge of the corrections facility where Defendant is confined deliver Defendant to a United States Marshal for his appearance in connection with a court proceeding. It is further

ORDERED that, upon receipt of written consent from counsel for the United States and counsel for the defendant, the United States Marshal is authorized to temporarily transfer custody of the defendant to a federal law enforcement agency for the purpose of furthering a legitimate law enforcement purpose or investigation. If custody of the defendant is temporarily transferred to a federal law enforcement agency pursuant to this authority, then federal law enforcement agents of that agency shall be present with the defendant at all times. Agents of the federal law enforcement agency to whom temporary custody of the defendant is transferred shall be responsible for the safe and secure custody of the defendant, as well as the defendant's well-being while in the temporary custody of that federal law enforcement agency.

The defendant, whose custody is temporarily transferred pursuant to this authority, shall remain in the United States Courthouse, 400 East 9th Street, Kansas City, Missouri, shall not be taken to another location, and shall be returned by the federal law enforcement agency to the United States Marshals Service cell block no later than 5:00 p.m. on the day of the temporary transfer.

*/s/ Robert E. Larsen*
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri

5

January 17, 2017